DtíadeRIOK, Oh. J.,
delivered the opinion of the court:
A motion was made for judgment against Ballentine, revenue collector, and part of his sureties. At the time the motion was brought up for the final action of the court, Bal-lentine had died, and his death had been suggested and admitted, and the attorney-general asked the court to render judgment against certain of the sureties, who were named, and it appearing that there were other sureties living, against whom no judgment ivas asked, the circuit judge refused to render the judgment against part only of the sureties living, and dismissed the motion.
*141 In the ease of Fry v. Britton, Judge Freeman delivered the opinion of the court, in which it was held that a judgment against a collector, and part of his surviving sureties, was void. 2 Heis., 606. And in Brown v. The State, Judge Nicholson delivering the opinion of the court, it was said: “The caption shows that the motion was against the collector and his sureties, hut the recital in the record is that the motion was against the collector, as a delinquent;” and it is added, “this was all that was necessary to he stated.” “The motion against the collector carries with it the right to judgment against his sureties.” “But the record shows that when the judgment was rendered, the sureties, as well as the collector, appeared hy counsel, and the recital of the record is that the motion was against the collector and his sureties.” 8 Heis., 873.
The case first cited very plainly holds that a judgment against part only of the living sureties is void, and there is nothing in the case in 8 Heis., in antagonism to this. But it is stated in the last named case that a motion against the collector only, carries with it the right to1 a judgment against the sureties. And this conclusion is reached upon the construction of sec. 731 of the Code [Shannon’s Code, sec. 1044], which provides that on receipt of the comptroller’s statement, or of delinquent’s bond, “the district attorney shall move the court for judgment against the delinquent.”
In this case, it appears from the record, that motion was made against Ballentine, the delinquent, in his lifetime, and also against part of the surviving sureties. But according to the case in 8 Ileis., as against the sureties, who were jointly moved against, with the principal or delinquent collector, no -motion was necessary; the motion against the delinquent, carrying with it the right to judgment, not cnly against the delinquent tax collector, but also against his sureties, upon production of the comptroller’s statement of the amount due from the collector, and also the official bond of such collector and his sureties. Such, we think, *142 is the fair construction of secs. 731-733 [Shannon’s Code, secs. 1044-1046.]
After the motion was entered, Ballentine died, and his death was suggested and admitted; and at a subsequent term an entry appears, reciting that the attorney-general moved the court for judgment against certain of the sureties, naming them, whereupon the record further recites that certain other persons, sureties on said bond, were nonresidents of the state, and not moved against, and that B. B. Stallings, a resident of Gibson, county, is one of said sureties; had no notice and is not moved against, and said sureties were still alive; it was therefore adjudged by the court that the motion be dismissed.
It does not appear in terms that the attorney-general asked for a judgment against all the sureties, or that he notified all. But it is t ery manifest that the court was of opinion that he was not entitled to' a judgment against any sureties who had not been notified and formally moved against, and upon these grounds, dismissed the motion. And this we have seen was not necessary under the statute, and in so holding the circuit judge erred.
But for want of a formal bill of exceptions, signed by the judge, making the official bond and comptroller’s statement, and other papers we find copied in the transcript, as evidence, parts of the record of the cause, we can render here no other judgment than for costs, and reverse and remand the cause for other and further proceedings.